SIMMONS v. FEDERAL COMMUNICA-
TIONS COMMISSION (WGAR BROAD-
CASTING CO., Intervenor).

No. 8663.

United States Court of Appeals
District of Columbia.

Argued Oct. 3, 1944.

Decided Nov. 13, 1944.

Mr. Philip J. Hennessey, Jr., of Wash-
ington, D. C., with whom Mr. George S.
Smith, of Washington, D. C., was on the
brief, for appellant.

Mr. Harry M. Plotkin, Assistant Gen-
eral Counsel, Federal Communications
Commission, of Washington, D. C., with
whom Mr. Charles R. Denny, General
Counsel, of Washington, D. C., was on
the brief, for appellee.

Mr. Louis G. Caldwell, of Washington,
D. C., with whom Mr. Reed T. Rollo, of
Washington, D. C., was on the brief, for
intervenor, WGAR Broadcasting Company.
Mr. E. D. Johnston, of Washington, D.
C., also entered an appearance for In-
tervenor.

Before GRONER, Chief Justice, and
EDGERTON and ARNOLD, Associate
Justices.

EDGERTON, Associate Justice.

This appeal is from an order of the Fed-
eral Communications Commission which
denied appellant's application to reconstruct
his station WADC at Akron, and granted
intervenor's application to reconstruct its
station WGAR at Cleveland, for operation
on 1220 kilocycles. The applications were
mutually exclusive and the Commission
heard them together. It found that ap-
pellant's proposed operation would cause
serious interference with stations in Can-
ton, Ohio, and Philadelphia, and would
not tend toward a fair, efficient and equit-
able distribution of radio service. It found
that appellant's proposed "directional an-

tenna array" would be a hazard to air navigation. It concluded that a grant to appellant would not serve public convenience, interest, or necessity. The Commission, at the same time, made findings in favor of intervenor and granted its application. The Commission said that since it had concluded that appellant's application "should not be granted for the reasons stated, comparative consideration between it and the WGAR proposal is not necessary."

Appellant invokes the jurisdiction of this court under Section 402(b) (1) of the Communications Act as a person whose application for a construction permit has been denied, and also under Section 402 (b) (2) as a person "aggrieved or whose interests are adversely affected" by the grant to WGAR.[1] Appellant contends that the findings upon which his application was denied were erroneous; that intervenor's application was granted in the face of adverse findings; that appellant was entitled to a comparative consideration of his application with intervenor's; and that such consideration would have resulted in a grant to appellant.

We think the findings on which the Commission based its denial of appellant's application are supported by substantial evidence. We think that public convenience, interest and necessity[2] clearly require the Commission to deny applications for construction which would menace air navigation. It follows that appellant's application was rightly denied. No formal or direct comparison is necessary between an application which must be denied and one which may be granted. Relative consideration is meaningless unless there are two applications either of which, considered alone, might be granted.

Since appellant's application was rightly denied he has no ground for complaint. He does not contend that he is worse off than he would have been if intervenor's application, as well as his own, had been denied. Accordingly he is not "aggrieved" or "adversely affected" by the granting of intervenor's application and has no standing to appeal from it.[3]

The denial of appellant's application is affirmed. His appeal from the granting of intervenor's application is dismissed.

Affirmed.

---

[1] Communications Act of 1934 sec. 402 (b), 48 Stat. 1093, 47 U.S.C.A. 402 (b).

[2] Communications Act of 1934, sec. 303 (c), 48 Stat. 1082, 47 U.S.C.A. 303 (c).

[3] Cf. Intermountain Broadcasting Corp. v. Federal Communications Commission, 68 App.D.C. 119, 94 F.2d 244; Pulitzer Publishing Co. v. Federal Communications Commission, 68 App.D.C. 124, 94 F.2d 249; Pittsburgh Radio Supply House v. Federal Communications Commission, 69 App.D.C. 22, 98 F.2d 303; Woodmen of the World Life Ins. Soc. v. Federal Communications Commission, 70 App.D.C. 196, 105 F.2d 75.